PUBLIC LOAN COMPANY, INC., a Corporation of the State of New York; Preferred Equities Corporation, a Corporation of the State of Nevada; Leonard Rosen; and American Funding Limited, a Limited Partnership of the State of New Jersey,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, Defendant and Third Party Plaintiff,

v.

EQUITY 1 NATIONAL MARKETING, INC., a body corporate of the State of Florida, Third Party Defendant.

Appeal of PUBLIC LOAN COMPANY, INC., Preferred Equities Corporation, Leonard Rosen, and American Funding Limited.

No. 86–5047.

United States Court of Appeals, Third Circuit.

Argued Sept. 10, 1986.

Decided Oct. 7, 1986.

Harvey I. Marcus, Keith O. Evans (argued), Marcus and Evans, Lodi, N.J., for appellants.

Roger J. Foss (argued), Cassidy, Despo, Foss & San Filippo, Red Bank, N.J., Lawrence F. Bates, Jane R. Rossnowski, Ira H. Parker, Federal Deposit Ins. Corp., Washington, D.C., for FDIC.

Before ALDISERT, Chief Judge, and HIGGINBOTHAM and HUNTER, Circuit Judges.

## OPINION OF THE COURT

ALDISERT, Chief Judge.

This appeal from summary judgment entered in favor of Federal Deposit Insurance Corporation (FDIC) requires us to decide whether a provision of the Federal Deposit Insurance Act, 12 U.S.C. § 1823(e),[1] bars the defense of an oral accord and satisfaction in a claim on a promissory note and whether the maker and guarantors of a second promissory note properly raised a material question of fact concerning failure of consideration. We must also decide whether the district court abused its discretion in discovery rulings. We find that the district court neither erred in its application of § 1823(e) nor abused its discretion in its discovery ruling and that the record failed to disclose a material question of fact as to consideration for the second promissory note. We will therefore affirm.

### I.

The historical facts before the district court were somewhat complicated and extended. *See Public Loan Co. v. Federal Deposit Insurance Corp.*, (D.N.J. No. 82–3606 June 7, 1985), *reprinted in* app. at 66a–86a. For review purposes we will summarize only the adjudicative facts. The litigation centers on the liability of makers and guarantors of two promissory notes. One note in the amount of $1.5 million was executed and delivered by S.N.L. Realty Company to the Metropolitan Bank and Trust Company in August 1980. The second, also payable to Metropolitan, was executed and delivered by Equity 1 National Marketing Company in the amount of $250,000 in August 1981. In February 1982 Metropolitan became insolvent and the FDIC was appointed its liquidator. In its capacity as liquidator, FDIC sold, assigned, and transferred to itself in its corporate capacity the two notes that are the subject of this appeal.

The 1980 S.N.L. Realty note was secured by five separate letters of credit which equalled the total amount of the note. Public Loan Company obtained one letter for $750,000 from the Equitable Trust Company of Baltimore. Two appellants here, Preferred Equities Corporation and Leonard Rosen, served as guarantors of Public Loan's letter of credit. This letter of credit is the only aspect of the 1980 note involved in this appeal. The issue on appeal regarding Equity 1's 1981 note centers on the liability of its guarantors, the four appellants here who were plaintiffs below: Public Loan, Preferred Equities, Leonard Rosen, and American Funding, Ltd. The issues are joined from an attempt by the makers of the notes to obtain a judicial declaration against the FDIC of no liability and counterclaims by the FDIC asserting the validity of the obligation.

### A.

On July 29, 1982, the FDIC presented a sight draft drawn on Public Loan's letter of credit to the Equitable Trust Company for $132,669.23, the amount of interest due from S.N.L. to Metropolitan on the 1980 note. In a previous suit, Public Loan sued Equitable and the FDIC in the United States District Court for the District of Maryland seeking injunctive and declaratory relief—a restraining order to prohibit Equitable from honoring the FDIC's sight draft; declaring the letter of credit as having been paid, satisfied, and retired; restraining the FDIC from making a demand

---

1. Section 1823(e) is a statutory mandate requiring, *inter alia,* that agreements asserted against the FDIC must be in writing:

   No agreement which tends to diminish or defeat the right, title or interest of the Corporation [FDIC] in any asset acquired by it under this section, either as security for a loan or by purchase, shall be valid against the Corporation unless such agreement (1) shall be in writing, (2) shall have been executed by the bank and the person or persons claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the bank, (3) shall have been approved by the board of directors of the bank or its loan committee, which approval shall be reflected in the minutes of said board or committee, and (4) shall have been, continuously, from the time of its execution, an official record of the bank. 12 U.S.C. § 1823(e).

against Equitable on the letter of credit; and for other relief. The Maryland district court held against Public Loan and permitted the FDIC to collect the $132,669.23 from Equitable. Public Loan was then obligated to reimburse Equitable in the same amount.

### B.

As to the 1981 note, Equity 1 drew out the full $250,000 advanced by Metropolitan and then defaulted on the note it executed for security. The terms of the note provided that payment was due, with interest, 90 days after the date of each draw, and that interest would accrue at 1% over Metropolitan's prime rate. After the institution of this suit, the FDIC filed a third party complaint against Equity 1 seeking repayment on the note. The FDIC also counterclaimed against plaintiffs as guarantors of the Equity 1 note.

### C.

On October 27, 1982, appellants filed a six count complaint in the district court of New Jersey against the FDIC. Counts I through IV were identical claims by the four guarantors of the 1981 note contending that any guarantee they made on the obligation of Equity 1 to Metropolitan was either nonexistent, made without consideration, made without proper authority, fraudulently induced, or otherwise defective, see app. at 3a, and further contending that Metropolitan defrauded the guarantors by agreeing and then failing to provide certain financial accommodations to Equity 1, causing Equity 1 to fail in business. Id. at 3a–4a.

Count I of the complaint asserted jurisdiction under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671, and under the Federal Deposit Insurance Act (FDIA), 12 U.S.C. § 1823, which authorizes the FDIC to act as a liquidator. The FDIC moved to dismiss the complaint and for summary judgment, arguing that the complaint should be dismissed because appellants had not complied with the notice provision of the FTCA and that summary judgment

should be granted in its favor on both appellants' complaint and the FDIC's counterclaim because plaintiffs' defenses to their Equity 1 guarantees were invalid under § 1823(e) of the FDIA. The district court agreed, determining that "the claims asserted in Counts I through IV sound in tort, not in contract," and dismissed those claims because appellants had not complied with the notice provision of the FTCA. App. at 79a. The court held that it would grant summary judgment for the FDIC on the complaint's alternative jurisdictional ground, the FDIA, because under 12 U.S.C. § 1823(e), an agreement cannot be enforced against the FDIC when the agreement does not appear in the failed bank's records.

The court also granted the FDIC summary judgment on Count VI, Public Loan's claim for a judicial declaration preventing the FDIC from collecting on the letter of credit. It determined that § 1823(e) prevented Public Loan from enforcing an oral accord and satisfaction agreement against the FDIC. App. at 82a–85a. Finally, the court granted summary judgment for the FDIC on its counterclaim to enforce the guarantees signed by the plaintiffs on the Equity 1 loan. Id. at 85a. On January 9, 1986, the district court dismissed the action because the parties had settled the remaining count of the complaint. The plaintiffs thereafter appealed the court's earlier rulings on dismissal, summary judgment, and discovery. We have jurisdiction under 28 U.S.C. § 1291. The appeal was timely filed under Rule 4(a) of the Federal Rules of Appellate Procedure.

### II.

■ With respect to the letter of credit posted to guarantee the 1980 promissory note, appellants apparently contend that the FDIC was not entitled to collect the interest payment from the Equitable Trust because the full amount of the letter of credit, or $750,000, had been previously paid to the Bank by Public Loan. App. at 32a–33a. Accordingly, Public Loan and its guarantors assert the defense of oral accord and satisfaction. They argue that all

the other letters of credit had been returned upon payment but, for some reason, the letter of credit posted by Public Loan and guaranteed by Preferred Equities and Leonard Rosen was not returned.

The district court dismissed this count as barred by § 1823(e) of the FDIA. Because the dismissal was based on the application of a legal precept, review is plenary. *Universal Minerals, Inc. v. C.A. Hughes & Co.*, 669 F.2d 98, 102 (3d Cir.1981). We are satisfied that § 1823(e) of the FDIA statute sustains the district court's rejection of the defense of an oral accord and satisfaction. The statute specifically provides that "[n]o agreement which tends to diminish or defeat the right, title or interest of the Corporation [FDIC] in any asset acquired by it under this section, ... shall be valid against the Corporation unless such agreement (1) shall be in writing ... and (4) shall have been, continuously, from the time of its execution, an official record of the bank." Here, neither writings nor bank records substantiated the defense as required by § 1823(e)(1) and (4). We conclude that plaintiffs could not successfully assert the defense of oral accord and satisfaction against the FDIC because it did not meet the statutory requirements.

### III.

■ In the district court, the appellants raised far-ranging defenses to the obligations asserted by the FDIC on the $250,-000 note executed in 1981 by Equity 1. Their complaint states, *inter alia*, that they never guaranteed "any obligation of Equity 1 to Metropolitan," and that any such alleged guarantee was:

a) nonexistent;
b) made without consideration;
c) made without proper authority;
d) fraudulently induced;
e) given for prospective consideration, which consideration ultimately failed....

Complaint, Count I–IV, ¶ 11, app. at 3a.

Appellants, however, do not assert on appeal that the district court erred in rul-

ing on all these defenses. They have limited their appeal to one issue only. They pursue only the contention that the district court erred in ruling on their failure of consideration defense—that "the guarantees are invalid because no consideration was ever received for them in that the borrower never received the loan funds." Br. for appellant at 18.

Because the district court decided this issue on summary judgment, we apply the same standard that the district court should apply, *i.e.*, whether no genuine issue of material fact remains for trial and the moving party is entitled to judgment as a matter of law. *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir.1976), *cert. denied*, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977).

The district court apparently found no genuine question of material fact on the question of consideration. It determined that "Equity 1 drew out the full $250,000 and defaulted on the note." App. at 69a. Affidavits contained in the record support this conclusion and militate against the appellants' contrary contentions. Chris Roberts, the FDIC Liquidation Assistant in charge of the Metropolitan assets, stated in an affidavit that "[t]he Bank disbursed to Equity 1 or its agent, George F. Allen, Jr., Esq., the entire $250,000.00 of proceeds of the Equity 1 promissory note dated August 12, 1981." *Id.* at 102a.

On appeal, appellants point to no evidence in the record that contradicts Roberts' statement. An examination of the appendix, however, reveals an affidavit by Milton Koffman, who signed the note as Treasurer of Equity 1. *Id.* at 104a. But Koffman's affidavit did not state that Metropolitan failed to pay Equity 1 the $250,-000; rather he disputes who received the proceeds and the use to which the proceeds were put, both of which are irrelevant to the issue of the statutory requirements under § 1823(e).

Accordingly, because the moving papers raise no issue of material fact for trial, appellants' defense of lack of consideration was ripe for summary judgment. The un-

controverted documents presented to the district court demonstrated that the guarantees did exist, that the note was made with consideration, and that no genuine issue of material facts relating to proper authority to enter into the guarantees was presented. *See Celotex Corp. v. Catrett,* — U.S. ——, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).

## IV.

■ Appellants also contend that the district court erred in denying their motion to compel discovery of "documentation central to the case." Br. for appellants at 23. Specifically, appellants object to the district court's affirmance, on October 28, 1983, of a discovery ruling by Magistrate Perretti dated October 13, 1983.

This court has previously established the standard of review for discovery:

It is well established that the scope and conduct of discovery are within the sound discretion of the trial court, ... and that after final judgment of the district court or final agency order, our review is confined to determining if that discretion has been abused.... To find such abuse it is usually necessary to conclude that there has been an interference with a "substantial right," ... or that the discovery ruling is "seen to be a gross abuse of discretion resulting in fundamental unfairness in the trial of the case."

*Marroquin-Manriquez v. I.N.S.,* 699 F.2d 129, 134 (3d Cir.1983) (citations omitted).

Appellants allege that the district court denied them access to documents vital to the prosecution of their cause of action. We have concluded, however, that the denial of discovery was due to their dilatoriness in requesting discovery and the unreasonableness of their requests.

Appellants answered the FDIC counterclaim on January 10, 1983, app. at 54a, but made no effort at discovery until nearly six months later, when they filed, on June 28, 1983, a motion to extend discovery by 120 days, *id.* at 172a, and then served, on July 8, 1983, a deposition notice. *Id.* at 183a.

Local rules for the District of New Jersey at the time required discovery to be completed within 90 days after the answer was filed. *See* U.S. District Court Rule 15A (D.N.J.1978). Thus, appellants did not even begin their discovery effort until nearly 90 days after the local deadline for completing discovery had passed. Meanwhile, appellants had not complied with any of the FDIC's timely filed notices for depositions and document production, or timely propounded interrogatories, requiring the FDIC to file, on June 16, 1983, a motion to compel discovery.

On July 25, 1983, Magistrate Perretti heard both appellants' motion to extend discovery and FDIC's motion to compel. The Magistrate noted that under Rule 15 the period for discovery was already closed because six months had passed since the answer had been filed. App. at 365a–66a. Appellants' counsel nevertheless stated that she desired to obtain from the FDIC "[d]epositions of employees of the banks and the F.D.I.C." *Id.* at 366a. The court then gave the parties 45 more days to schedule depositions only, but refused plaintiffs' request to extend all discovery 120 days.

Incredibly, appellants thereafter served a notice to the FDIC to take extensive depositions and to produce documents far beyond the scope of the Magistrate's order. Appellants requested that the FDIC produce, *inter alia,* "All Officers of Metropolitan Bank & Trust Co." for deposition, and:

*All records of any kind whatsoever* of Metropolitan Bank and Trust Company and/or F.D.I.C. regarding Metropolitan Bank and Trust Company or F.D.I.C. and American Metropolitan Finance Company, Equity 1, Equity 1 National Marketing, SNL Realty, Public Loan Company, American Funding Limited, Preferred Equities, Leonard Rosen, George Allen, Benderson, Lee National, and Earl Serap and all companies he had an interest in, including bank accounts, checks, checking accounts, minutes of loan committee meetings, correspondence, notes, fiduci-

ary agreements, guarantees and loan documents.

*Id.* at 200a–01a (emphasis supplied).

When the FDIC refused to produce any documents, appellants filed a motion to compel discovery. *Id.* at 179a. It was denied. We have examined the entire record pertaining to discovery and find appellants' contentions to be totally without merit. Facing the district court was a record that showed appellants' dilatoriness, lack of good faith in compliance with discovery requests of the FDIC, and unreasonable requests of their own. The district court was therefore well within its discretion in limiting appellants' untimely discovery requests. Any prejudice the appellants suffered therefrom resulted from a self-inflicted wound.

## V.

We have considered all of the contentions presented by the appellants.

The judgment of the district court will be affirmed in all respects.